UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Eric Krieg,
    Petitioner

    v.                                      Case No. 22-cv-105-SM
                                             Opinion No. 2022 DNH 111

Warden, FCI Berlin,
    Respondent

**O R D E R**

Petitioner, Eric Krieg, is a federal inmate at FCI Berlin. He brings this habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his loss of good time credits following a disciplinary finding that he abused his phone privileges. But, because the record reveals that Krieg failed to exhaust available administrative remedies prior to filing his petition, that petition must necessarily be denied.

**Governing Law**

As this court has previously noted, generally speaking, "a § 2241 petitioner must exhaust available administrative remedies before he can obtain relief in federal court. For a federal prisoner to properly exhaust § 2241 claims challenging the computation of a release date, he generally must comply with

the [Bureau of Prisons'] Administrative Remedy Program which is set forth in 28 C.F.R. §§ 542.10-19." Jones v. Warden, FCI Berlin, No. 19-CV-105-JL, 2020 WL 1326151, at *3 (D.N.H. Mar. 2, 2020), report and recommendation adopted sub nom. Jones v. FCI Berlin, Warden, No. 19-CV-105-JL, 2020 WL 1322541 (D.N.H. Mar. 20, 2020) (citations and internal punctuation omitted). See also Fox v. Hazelwood, No. 21-CV-159-PB, 2022 WL 2907992, at *1 (D.N.H. July 22, 2022) ("Federal prisoners are ordinarily required to exhaust available administrative remedies before filing a habeas petition under § 2241.") (citations omitted).[1]

The BOP's Administrative Remedy Program provides a multi-tiered process by which inmates may seek formal review of their complaints. When, as here, an inmate wishes to appeal an adverse report from a Discipline Hearing Officer - known as a "DHO Appeal" - he must submit an appeal to the Regional Director within 20 calendar days of the inmate's receipt of the report. See 28 C.F.R. §§ 542.14(d)(2) and 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." Id. at

---

[1] There are, of course, exceptions to the administrative exhaustion requirement. See, e.g., Fox v. Hazelwood, 2022 WL 2907992 at *1. But, Krieg has not shown that any such exception applies in this case.

2

§ 542.15(a) (emphasis supplied). Administrative appeals to the Regional Director and the General Counsel are "considered filed on the date [they are] logged into the Administrative Remedy Index as received." Id. at § 542.18. Only after an inmate has timely exhausted all available administrative appeals may he or she then seek relief in federal court.

Although the court of appeals for this circuit has yet to consider whether the so-called "mailbox rule" applies to deadlines established by the Administrative Remedy Program, this court and the majority of other courts to address the issue have concluded that the mailbox rule does not apply.[2] See Jones v. Warden, FCI Berlin, 2020 WL 1326151, at *4 (D.N.H. Mar. 2, 2020) (collecting cases). See also Nigro v. Sullivan, 40 F.3d 990, 993-94 (9th Cir. 1994); Wall v. Holt, No. 1:CV-06-0194, 2007 WL 89000, at *3-4 (M.D. Pa. Jan. 9, 2007). Consequently, the timeliness of an inmate's appeal is not determined by the date on which he places it into the prison's mail system. Rather, as the regulations unambiguously provide, an administrative appeal

---

[2] Under the "mailbox rule," a document submitted by an inmate is deemed "filed" on the "date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999).

is "filed" when it is actually received and "logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

## Discussion

On June 29, 2021, a corrections officer at FCI Berlin was monitoring a telephone call seemingly placed by Krieg - that is to say, the person using the phone had employed Krieg's personal identifier number ("PIN") to make the call. But, the officer discovered that another inmate and not Krieg had actually placed the call. Indeed, prison records (and video surveillance) revealed that Krieg was in a different part of the prison at the time. Krieg denied any knowledge of the incident. He was, however, subsequently charged with violating the prison's Prohibited Act Code, Section 297, which forbids "use of the telephone for abuses other than criminal activity." In other words, Krieg was charged with having improperly circumvented (or attempted to circumvent) the prison's ability to monitor inmates' telephone calls by sharing his PIN with another inmate.

A disciplinary hearing was held a month later, at which Krieg was afforded the opportunity to testify, call witnesses, and present evidence. See generally Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (discussing the constitutionally required process that must be afforded an

inmate when a prison disciplinary hearing may result in the loss of good time credits).  By order dated August 4, 2021, the Discipline Hearing Officer concluded that there was sufficient evidence to support the conclusion that Krieg had violated section 297 of the prison's Prohibited Act Code.  See Exhibits to Petition (document no. 1-2) at 12.  As punishment, Krieg lost 27 days in good time credit as well as email privileges for three months.  Id. at 13.  He was advised of his right to appeal to Regional Director within 20 days, as provided in the Administrative Remedy Program.  Id.

Krieg submitted a timely appeal with the Regional Director.  By order dated October 22, 2021, that appeal was denied on the merits.  In that denial, Krieg was advised as follows:

> If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal **must be received** in the Administrative Remedy Section, Office of General Counsel, . . . **within 30 calendar days** of the date of this response.

Exhibits to Petition (document no. 1-2) at 9 (emphasis supplied).  Krieg then filed an appeal with the Office of General Counsel, but it was not received until November 30, 2021 - more than a week late.  Id. at 13.  Accordingly, Krieg's appeal was rejected as untimely.  He was, however, given the

5

opportunity to "provide staff verification stating [the] reason [the] untimely filing was not your fault." Id.  Krieg did not avail himself of that opportunity.  As a consequence, Krieg's (attempted) appeal to General Counsel was never resolved on the merits.[3]

The government moves for summary judgment, asserting that Krieg failed to exhaust available prison remedies prior to filing his petition for habeas relief.  In particular, the government points to the rejection of Krieg's appeal to General Counsel as untimely and Krieg's failure to explain that untimeliness.  In response, Krieg asserts that General Counsel got it wrong: he did file a timely appeal when he deposited his appeal to General Counsel in the prison's mail system, postage prepaid, before the thirty-day appeal period had lapsed (essentially invoking the prison "mailbox rule").  He also vaguely argues that lack of adequate access to the prison's law library explains - and excuses - his lack of timely filing.  But, as noted above, he was given the opportunity to present

---

[3]   Parenthetically, the court notes that Krieg has submitted more than 40 requests for administrative remedies during his incarceration.  See Affidavit of Cheryl Magnusson (document no. 6-1) at para. 7.  He is, therefore, intimately familiar with the Bureau of Prisons' Administrative Remedy Program and the applicable filing deadlines.

6

those arguments to General Counsel yet failed to do so.  This is not the forum to litigate those claims in the first instance.

## Conclusion

For the foregoing reasons, as well as those set forth in the government's memorandum, it is plain that Krieg failed to exhaust available prison administrative remedies prior to filing his habeas corpus petition.  Specifically, Krieg neglected to file a timely appeal with General Counsel, as required by the Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. § 542.10, et seq.  Accordingly, the government's Motion for Summary Judgment (**document no. 6**) is granted.  Krieg's petition for habeas relief (**document no. 1**) is necessarily dismissed, albeit without prejudice.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 9, 2022

cc:  Eric Krieg, pro se
     Seth R. Aframe, AUSA